A. T. AND REBECCA MEYER v. JOHN Q. SCHINING ET AL.

(Case No. 1055.)

1. JURISDICTION — REMOVAL OF CAUSE TO FEDERAL COURT.— An application to remove a cause from the state court to a federal court, under the act of March 3, 1875, must be made at the first term, when the parties are all before the court, before or at the time when the cause could be first tried on its merits, and before the trial thereof.

APPEAL from Henderson. Tried below before the Hon. John C. Robertson.

Meyer and wife, who were residents of New York, at the April term, 1881, filed their application to transfer the cause to the circuit court of the United States, next to be held in Smith county, Texas. Meyer and wife, who were defendants, against whom the suit was brought, appeared before the court at the preceding term, service having been made on them, and pleaded to the merits. The question was whether the application came too late.

*W. W. Morris,* for appellee.

BONNER, ASSOCIATE JUSTICE.— We are met in this case with a question of jurisdiction, arising under the first assigned error: that the court erred in refusing to transfer the cause to the United States circuit court at Tyler.

The bill of exceptions shows that the court below refused the application to transfer because not made in time. It is not disclosed under what act of congress the application was made, but under the recitals therein, that the cause could be removed as to only some of the parties, it is reasonable to presume that it was made under the act of July 27, 1866 (R. S., § 639, subdivision 2), which permitted this to be done; and not under act of March 3, 1875 (18 Stats. at Large, 470), which, it would seem, did not give this right of partial removal. Dillon on Removal (3d ed.), 525.

Section 1, act March 3, 1875, enlarges the original jurisdiction given by former statutes to the circuit courts, both as to subject-matter and citizenship. It confers upon them jurisdiction over all suits of a civil nature at law or in equity, when the matter in dispute exceeds, exclusive of costs, the sum or value of $500, when the controversy is between citizens of different states.

The second section in effect provides, as a general rule, that any suit which, by reason of the subject-matter or citizenship of the parties, could be brought in the first instance in the circuit courts, may at the proper time and in the prescribed manner be removed thereto from the state courts. Dillon on Removal (3d ed.), § 20.

This act in regard to time of removal requires that the petition therefor must be filed in the state courts "before or at the time at which the cause could be first tried and before the trial thereof."

This has been construed to be the term at which, under the legislation of the state and the rules of practice pur-

suant thereto, the cause is first triable, *i. e.*, subject to be tried on its merits; and not necessarily the term when, owing to press of business or arrearages, it may be first reached in its order for actual trial. Dillon on Removal (3d ed.), § 64.

This act is more restrictive as to the time when the application for removal should be made than the acts of 1866 and 1867. These permit the petition to be filed "at any time before the trial or final hearing of the suit." It accords more with the original judiciary act, September 24, 1789, which requires the application to be made by the defendant "at the time of entering his appearance in the state court."

This act of March 3, 1875, repeals all acts and parts of acts in conflict with its provisions; and, if the former acts are in force for any purpose, it would seem that they would not be as to a case like the present, which comes fully within the provisions of that of March 3, 1875.

Appellants Meyer and wife appeared in the court below and filed demurrers and answers to the merits, at the fall term, October 29, 1880. Appellee Morris had previously, by leave of the court, intervened. The real controversy in the case was between the original plaintiff Schining, executor of Dorsey, and intervenor Morris, who claimed under him, and appellants Meyer and wife, all of whom were then before the court.

It may be very seriously doubted whether the other defendant, Mason, was a proper party to the suit. That he was not a necessary party to the real controversy as between the other parties is admitted by Meyer and wife in their petition for removal; and besides, he entered a disclaimer, which ended the contest as to him.

All the necessary parties being then before the court at the fall term, 1880, under our statute and practice the case could then have been regularly called for trial on the merits.

The petition for removal was not filed until the succeeding spring term — April 11, 1881; and, in our opinion, came too late, and the court did not err in refusing to remove the cause.

Appellants did not, so far as we are advised, file briefs in the court below, and have filed none in this court, as required by the rules, and have made no other appearance here. Under the circumstances, the case could well have been dismissed for want of prosecution, and we do not feel called upon to investigate any of the other numerous errors assigned; and particularly as upon a cursory examination they do not seem to be fundamental in their character.

JUDGMENT AFFIRMED.

[Opinion delivered October 21, 1881.]